IN THE UNITED STATES DISTRIC COURT

FOR THE DISTRICT OF MASSACHUSETTS

PAUL M JONES

Plaintiff.                                                                        CIVIL ACTION

v.                                                                                      NO.

ABLITT LAW OFFICE, P.C,

MATHEW R.BRAUCHER

Defendants.


# COMPLAINT

### Parties

1. The Plaintiff is a resident of Stoughton, County of Norfolk, Massachusetts and a citizen of the United States.

2. Defendant Ablitt Law Offices, P, C. (Ablitt) is a Corporation in Massachusetts and has a place of business at 304 Cambridge Road ,Woburn, Ma 01801, and has changed its name to Ablitt/Scofield P.C.

2. Mathew R. Braucher (M.R.B) is a resident of the state of Massachusetts and is employed by Ablitt Law Offices, P, C. (Ablitt/Scofield P.C)

### Jurisdiction

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

### Facts

4. On August 8,2007 Ablitt Law Offices misrepresented the true fact and ownership Of Plaintiffs mortgage and note at the motion from relief from stay hearing at the Federal bankruptcy court (case# 07-10729-JNF and produced as evidence a Mortgage Assignment that read   For value herby received grants, assigns and

transfers to Bank Of New York the mortgage and Note , and mislead the court by stating that they would record that AOM after completing it, it was signed by notary Krista L. Edwards (Robo Notary) and is signed by 2 known Robo signers Amanda Farrar & Mellissa Flanagan these two individual claims to be several executives at several large banks (Exhibit 1)

5. Ablitt and/or its agent employees misrepresented the amount of debt owed by Plaintiff and also changed owners from Countrywide to Bank of New York in Federal Bankruptcy court on those 2 separate occasions also (Exhibit 2&3).

6. On January 25, 2008 BONY, and/or Ablitt and it's employees had Sandra J. Robinson notarize a new AOM and filed it in the Norfolk Registry of deeds at the time she was suppose to notarize it she was suppose to be working at Countrywide Mortgage and she would have been sixty eight years old (68) attached is her notary application, I have been trying to contact this person that is never seen or has mysteriously vanished. Today she is 73 years old she notarized the AOM supposing 4 ½ years ago. (Exhibit 4 AOM) (Exhibit 5 notary Application.)

7. On August 11, 2008 MRB engaged in unfair & deceptive trade practices and mislead the Stoughton District Court in believing plaintiff's defense on March 13, 2008 was res jusicata, and was ordered to produce an affidavit (and he never did) to prove that the attorney filing in for MRB wasn't aware of the deed on file at the Norfolk registry of deeds. And Judge Karen White went ahead and reversed her decision.

8. Plaintiff brings these claims for damages that he has suffered by reason of the attempts of the defendants, their associates, and co-conspirators, to wrongfully eject her from her home of more than a decade. The activities of the defendants were, and are, Fraud, Cival Conspiracy that give rise to relief by virtue of causing harm to Plaintiff by actions committed in their quest to procure the judgment in the foreclosure case. The unlawful actions are set forth below in detail.

9. Plaintiff alleges that all Defendants intentionally acted in concert and in furtherance of the conspiracy to defraud Plaintiff of his property when they knew that they lacked the legal right to do so as evidenced below.

10. Ablitt on behalf of Bank of New York Filed (BONY) a Complaint to foreclose on November 6, 2006 without having a valid assignment in the Commonwealth of Massachusetts land court.

11. Creating and presenting the Assignment of Mortgage (AOM) dated 11/20/20 and attaching it to a Motion For Relief from stay on 08/08/2007 Notably, the

assignment of Mortgage proclaimed that MERS as nominee for Optima Mortgage Corporation hereby grants and assigns and transfers to Bank of New York the Mortgage and Note or notes in Plaintiffs bankruptcy case.

12. Defendants Created and filed and back dated another AOM in the Norfolk registry of deed book 25529 page 356 on or about February 25, 2008 and used it to support the December 3,2008 Foreclosure auction and August 11,2008 eviction hearing at the Stoughton District Court.

13. Defendants BONY and/or Ablitt and/or MRB obtained an unconscionable advantage by concealing and/or misrepresenting the true owner of the beneficial interest in the subject loan and/or the amount owed and/or misrepresentation of good faith forbearance.

14. Defendants, BONY and/or ABLITT and/or MRB and/or employees, conspired to commit and did commit criminal acts as follows: Created AOM, filed untrue Affidavits, Misrepresented the truth at the plaintiff August 11, 2008 eviction hearing, Violated the Pooling and service Agreement that governs the B.O.N.Y Mortgage Pool.

15. Defendants were at all time's material hereto agent and/or apparent/ostensible agent of the other.

16. Each defendant is engaged in some aspect of the mortgage industry and has, together, operated in concert as the facts relate to this case. Specifically, they operate, and operated, mortgage originating and mortgage servicing businesses that solicit, cater, and service millions of home loans annually, including debt collecting on alleged defaulted mortgages. Based on an understanding and belief, certain defendants and their agents, officers, affiliates, attorneys, and/or employees have operated as a common enterprise and in concert while engaging in the unlawful acts and practices alleged below, including collection of alleged defaulted debts.

17. BONY and/or Ablitt is in the business of collecting allegedly delinquent mortgage loans in Massachusetts. Their attorney-members and employees are under an ethical duty of candor before the court and under a duty not to file frivolous claims. In executing that duty, they are obligated to review all evidence presented by their clients to determine the merit of the case before filing foreclosure lawsuits Further, by filing and/or prosecuting a foreclosure lawsuit based upon information provided by their clients, these attorneys are ratifying the veracity of its evidence in support of that lawsuit and presenting to the Court that their clients' actions as well as their own actions are meritorious. Once these attorneys file a claim on behalf of a client, they are acting in concert with that client in collecting the purported debts.

Misconduct on behalf of its clients, its members, and its employees is imputed to plaintiff's attorneys and *vice versa.*

18. The lack of standing and capacity by BONY in 2006 cannot be repaired afterwards, whether by BONY itself or even less, Ablitt or their agents or employees Under the applicable law, any "servicer" which acquires a bad debt, such as one in foreclosure or default, is deemed a "debt collector." If BONY disputes this identity it must set forth clear and convincing evidence to the contrary. Further, whether a party is a "debt collector" under the relevant statutes also relates the amount of debt collecting it performs compared to servicing. A significant portion of defendants, BONY, Ablitt entities business, through robo-signors such as Tiffany Skaife is "debt collection." This is especially true considering the failure rate of the loans it initiates collection processes which were originated from a third party.

19. In addition to joint and several liabilities for misconduct among joint tortfeasors, defendants have also operated as a common enterprise, and each of them is jointly and severally liable for the acts and practices alleged herein. No alleged owner of the beneficial interest in the subject promissory note and moligage was a holder in due course. All references to defendants' "misrepresentations" are defined as fraudulent misrepresentations, reckless and wanton misrepresentations, and/or negligent misrepresentations, regardless of whether referred to as "misrepresentation" or "intentional misrepresentation" or "fraudulent misrepresentation," or any other characterization of the misrepresentation at issue.

20. lt is Plaintiff's good faith belief that the Assignment of Mortgages was created by Defendants collusion between defendants BONY and/or Ablitt/MRB and/or Tiffany Shaife and/or Countrywide Mortgage entities employees to support the claimed indebtedness and to support that there is "no genuine issue of material fact" in this case as of the dates that the AOMs and affidavit was executed and notarized.

21. . These Defendants continued to intentionally mislead the court in an effort to unjustly enrich themselves in taking Plaintiff's home when they knew, or should have known, at the inception of their suit that BONY and / or its predecessors in interest has never owned the mortgage or note, as it was merely, at best the trustee of the securitized pool on mortgages.

22. Further, Plaintiff was subjected to "default" fees and charges including, but not limited to, attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, forced placed insurance, and other charges and advances, and

predatory lending fees and charges all of which are not authorized by or in conformity with the terms of the subject note and mortgage.

23. For statute of limitations purpose it was impossible for Plaintiff to prove the conduct herein until the ROBO fraud broke and the settlement between the big banks and Attorney Generals.

24. These acts as well as the prosecution of this case are wrongful, intentional, Reckless, willful and wanton, negligent, deceptive, and predatory.
Defendants knew they should not falsify documents particularly sworn
Documents meant to prove a material fact such as AOMs & foreclosure documents
Submitted to the Massachusetts Land Court & Norfolk Registry of Deeds & the Federal bankruptcy Court. These perjured documents violated 15 U.S.C 1692 (e) 10 and 15 U.S.C 1692 f.

21. As a result of the aforesaid FDCPA and FCCPA violations, Plaintiff has been Subjected to false and illegal collection activities, and has therefore been Harmed due to the slander to her credit and emotional/physical health issues Proximately caused by these defendants. Plaintiff has retained counsel and is Entitled to reimbursement of her costs and attorneys fees pursuant to 15 U.S.C. §1692k(3)

22. Plaintiff questions whether BONY, or any Defendant, ever had possession of the subject Note and mortgage.

23. On information and belief, Stoughton District court dismissed the eviction proceedings with prejudice on March 13, 2008 & on August 11, 2008 MRB engaged in unfair & deceptive acts to mislead the Stoughton District Court in believing plaintiffs defense on March 13, 2008 was res judicata, and was ordered to produce an affidavit (and he never did) from the judge to prove that the attorney filling in for MRB wasn't aware of the deed on file at the Norfolk registry of deeds. And Judge Karen White went ahead and reversed her decision to dismiss without prejudice with no affidavit present.

24. under the applicable law, any "Trustee" which acquires a bad debt, such as one in foreclosure, is deemed a "debt collector." Further, whether a party is a "debt collector" under the relevant statutes also relates the amount of debt collecting it performs.

**COUNT 1**

## Illegal Consumer Collection
## FDCPA claims against all defendants

Plaintiff alleges and incorporates paragraphs 1-24 as though fully set forth in this paragraph

25. The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt. Plaintiff, is a "consumer" within the meaning of FDCPA, 15 U.S.C. §1692a(3).

26. These defendants have engaged in collection of "debt" as this phrase is defined by 15 U.S.C. §1692a (5) allegedly owed by Plaintiff. Defendants, BONY, ABLITT & MRB did foreclose upon the subject mortgage after alleged default and are "debt collectors". The collection activity seeks to foreclose a mortgage, collect monies owed pursuant to a promissory note including a deficiency judgment.

27. Defendants' collection activities described herein violate the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692a *et seq.*) in that defendants' were claiming, attempting and threatening to collect and enforced this consumer mortgage debt by foreclosure action where they know or should have known that the right to pursue foreclosure does not exist under the law because: BONY did not have standing to pursue the foreclosure action

28. Any denial to the contrary must be supported by strict and convincing evidence. Merely labeling oneself as a Trustee when, in fact, a large percentage of your business is collecting a debt also qualifies all defendants as "debt collectors" under the law.

29. For statute of limitations purpose it was impossible for Plaintiff to prove the conduct herein until Discovery upon the defendants, Specifically document "creation" by individuals lacking authority and specific knowledge about the documents, such as the AOM / Notaries and affidavits, that were executed and presented to the Courts all in furtherance of the defendants' illegal scheme to divest Plaintiff of her homestead.

## Violation of MGL c. 93, s. 48

30. Upon information and belief BONY, has used unfair and Deceptive Trade Practices from August 2007 until present day.

31. Upon information and belief Ablitt & MRB and its employees has used unfair and Deceptive Trade Practices from August 11, 2008 by misrepresenting the truth, Documents and by working in concert to defraud the Plaintiff of his home.

31. The acts and omissions of BONY described herein or in attachments hereto, or imposing void, unconscionable or otherwise unenforceable contract terms against the Plaintiff or by violating statutory obligations, or by filing of causing to be filed with the registry of deeds and courts of law, documents that were false, or by failing to comply With the equipments for assignments of mortgages, affidavits with personal knowledge
,or by attempting to conceal the existences of certain facts, and fraudulent court filings, all constitute acts or practices declared to be unfair, deceptive and lawful within the meanings of M.G.L c. 93 A, 2,9 and 11.

32. WHEREFORE, plaintiff respectfully request: an award of damages in plaintiff's favor and against defendants for their actual or statutory damages whichever is greater; and an award of attorneys' fees and costs and for all other relief to which this Court finds just and appropriate.

## THE PLAINTIFF DEMANDS TRIAL BY JURY
## AS TO ALL ISSUES RAISED BY THE COMPLAINT

*Paul M Jones*

PAUL M. JONES, PRO SE
572 PARK STREET
STOUGHTON, MA 02072

TELEPHONE 617-458-0612